UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE CHAPPELL, III,

        Plaintiff,                            Hon. Ellen S. Carmody

v.

                                            Case No. 1:14-cv-1005

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On December 17, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #10).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 27 years of age on his alleged disability onset date. (Tr. 141). He successfully completed high school and worked previously as a production assembler, forklift operator, order picker, grinder, and machine operator. (Tr. 26). Plaintiff applied for benefits on June 13, 2011, alleging that he had been disabled since October 18, 2005, due to knee impairments, a broken right arm, arthritis, an injured left foot, and obesity. (Tr. 141-55, 217). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 85-136). On March 27, 2013, Plaintiff appeared before ALJ Janet Alaga-Gadigian with testimony being offered by Plaintiff and a vocational expert. (Tr. 34-76). In a written decision dated April 23, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 18-29). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2012. (Tr. 20). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).


**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that prior to March 4, 2013, Plaintiff suffered from the following severe impairments: (1) patellar misalignment with mild to moderate chondromalacia of the left knee status post repair of meniscus tear; (2) history of deep venous thrombosis of the left lower extremity; (3) left achilles tendonitis; (4) history of right elbow fracture; and (5) obesity. (Tr. 20). The ALJ also determined that beginning March 4, 2013, Plaintiff additionally suffered from the following severe impairment: T12/L1 disc protrusion with moderate stenosis status post motor vehicle accident.[2] (Tr. 21). The ALJ determined that Plaintiff's impairments, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 21).

With respect to Plaintiff's residual functional capacity, the ALJ determined that prior to March 4, 2013, Plaintiff retained the capacity to perform light work subject to the following limitations: (1) during an 8-hour workday, he cannot stand/walk more than 4 hours; (2) he can only occasionally push/pull with his lower extremities; (3) he cannot operate foot controls; (4) he cannot climb ladders, ropes, or scaffolds; (5) he cannot crawl; (6) he can only occasionally stoop, kneel, crouch, or climb ramps/stairs; (7) he can frequently balance; (8) he must avoid exposure to hazardous machinery and unprotected heights; and (9) he is limited to unskilled jobs with an SVP of 1 or 2 that include only simple, repetitive tasks. (Tr. 21). The ALJ further determined that beginning March

---

[2] On March 4, 2013, Plaintiff was involved in an auto accident in which he was rear-ended. (Tr. 768). Subsequent imaging tests revealed "an old bilateral L5 spondylolysis with grade 2 anterolisthesis, which was stable compared to 2003" as well as "a T12-L1 disc protrusion causing moderate central canal stenosis." (Tr. 768). Plaintiff was treated with medication. (Tr. 768). The record contains no further evidence regarding this particular impairment or any treatment Plaintiff may have received for such.

4, 2013, Plaintiff was further limited in that he could only occasionally balance and was limited to sedentary work with an at-will sit/stand option. (Tr. 25).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the state of Michigan approximately 5,500 jobs which an individual with Plaintiff's subsequent, more restrictive RFC could perform, such limitations notwithstanding. (Tr. 72-74). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        The ALJ's Step Three Analysis

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. At step three of the sequential disability analysis, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. Here, the ALJ concluded that Plaintiff's impairments did not meet or medically equal any listed impairment. (Tr. 21). In so doing, the ALJ specifically examined whether Plaintiff satisfied the requirements of Section 1.04 of the Listings.[3] (Tr. 21). The ALJ did not, however, make any specific findings regarding Section 1.02 of the Listings.[4] Plaintiff asserts that he is entitled to relief because the ALJ failed to specifically address whether he satisfied Listing 1.02. It is important to note that Plaintiff is not arguing that he satisfies this particular listing, only that the ALJ's analysis at step three is deficient. The Court is not persuaded.

First, Plaintiff did not argue to the ALJ that he satisfied the requirements of Listing 1.02. Thus, this is not a circumstance in which the ALJ failed to address an argument with which she was specifically presented. *See, e.g., Oldenkamp v. Commissioner of Social Security*, 2015 WL 505805 at *5 n.2 (W.D. Mich., Feb. 6, 2015) (noting that a relevant issue when assessing an ALJ's Step III analysis is whether the claimant presented to the ALJ a claim or argument that he satisfied a particular listing).

Second, the Sixth Circuit has concluded that the failure by an ALJ to provide

---

[3] Section 1.04 of the Listings concerns "disorders of the spine." 20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.04.

[4] Section 1.02 of the Listings concerns "major dysfunction of a joint(s)." 20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.02.

extensive reasoning at step three is not, by itself, grounds for relief. *See Forrest v. Commissioner of Social Security*, 591 Fed. Appx. 359, 365 (6th Cir., Nov. 17, 2014) ("we decline Forrest's invitation to extend *Wilson* to require remand when the ALJ provides minimal reasoning at step three of the five-step inquiry, especially where Forrest did not argue at the hearing that he met a particular listing"). As the *Forrest* court further observed, the ALJ's failure to provide detailed analysis at step three is no basis for relief if the ALJ "made sufficient factual findings elsewhere in [her] decision to support [her] conclusion at step three." *Id.* at 366. As the court recognized, there is "no need to require the ALJ to spell out every fact a second time." *Id.* Here, the ALJ discussed the medical record in detail and articulated ample support for her determination that Plaintiff did not satisfy Section 1.02 of the Listings. (Tr. 22-26).

Finally, the *Forrest* court recognized that any error with respect to the ALJ's step three analysis is harmless unless the claimant can establish that he satisfied the listing in question. *Id.* The medical record in this case belies any argument by Plaintiff that he satisfies the listing in question. Section 1.02 of the Listing of Impairments provides:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity. . .and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A.  Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;[5]

---

[5] The relevant regulation defines "inability to ambulate effectively" as "an extreme limitation of the ability to walk" caused by "an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.00(B)(2)(b). Examples of ineffective ambulation include "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to

>   OR
>
>   B.   Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.02.

Plaintiff bears the burden to demonstrate that he satisfies a Listing. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). A review of the medical record reveals that Plaintiff cannot meet his burden. A March 14, 2008 examination of Plaintiff's left knee revealed "moderate" to "marked" tenderness, but no evidence of instability. (Tr. 290). On July 3, 2008, Plaintiff underwent arhtroscopic surgery to repair his left knee. (Tr. 296-97). The results of a July 18, 2008 examination of Plaintiff's left knee were unremarkable. (Tr. 298). A March 11, 2009 examination revealed "mild" crepitation with no evidence of instability. (Tr. 305). On April 20, 2009, Plaintiff's surgeon reported that Plaintiff "can return to work [with] no restrictions." (Tr. 355). A November 11, 2009 examination of Plaintiff's left knee revealed no evidence of instability. (Tr. 311). The results of a May 4, 2012 examination were unremarkable and x-rays of Plaintiff's left knee revealed "no acute bone or joint abnormality." (Tr. 795, 798). An MRI of Plaintiff's left lower extremity, performed on September 7, 2012, revealed "no evidence of any specific bone or soft tissue pathology." (Tr. 766). An August 7, 2012 examination revealed no evidence that Plaintiff was experiencing deep venous thrombosis. (Tr. 786). Accordingly, this argument is rejected.

---

carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." *Id.*

9

**II.     Plaintiff's RFC**

A claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). As noted above, the ALJ concluded that Plaintiff ultimately retained the ability to perform a limited range of sedentary work. Plaintiff argues that the ALJ's RFC fails to sufficiently account for his impairments and limitations. The Court is not persuaded. The medical evidence discussed above more than supports the ALJ's RFC determination. Moreover, no medical professional that examined Plaintiff imposed on him limitations greater than those recognized by the ALJ. Accordingly, this argument is rejected.

**III.     Consideration of the Consultant's Opinion**

On September 16, 2011, a single decision maker (SDM)[6] completed a form regarding Plaintiff's residual functional capacity. (Tr. 738-43). The SDM concluded that Plaintiff was limited to the performance of a limited range of sedentary work. In fact, the SDM's conclusions regarding Plaintiff's RFC are almost indistinguishable from the ALJ's RFC determination. Plaintiff argues that the ALJ erred by failing to take into consideration the SDM's RFC determination.

---

[6] A single decision maker is a non-physician records reviewer who, under the Social Security Administration's "streamlined disability determination model," makes the initial disability determination. *See White v. Commissioner of Social Security*, 2013 WL 4414727 at *4 (E.D. Mich., Aug. 14, 2013). The single decision maker model is an experimental, streamlined procedure that eliminates the reconsideration level of review and allows claims to go directly from the initial denial to ALJ hearing. *Lindsey v. Commissioner of Social Security*, 2013 WL 6095545 at *6 (E.D. Mich., Nov. 20, 2013). It also permits "the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants." *Id.*

The Social Security Administration has determined that "physical RFC forms completed by SDMs are not opinion evidence" and, moreover, that "SDM assessments have no place in an ALJ's disability determination." *Lindsey v. Commissioner of Social Security*, 2013 WL 6095545 at *6 (E.D. Mich., Nov. 20, 2013). In fact, it is reversible error for an ALJ to adopt an SDM's RFC determination. *See, e.g. Webb v. Commissioner of Social Security*, 2015 WL 3742650 at *6-7 (E.D. Mich., June 15, 2015). Nevertheless, the ALJ did acknowledge the SDM's RFC determination finding that such "is not a medical source and is not entitled to any weight." (Tr. 24). This assessment is consistent with Social Security Administration policy and relevant legal authority. Accordingly, Plaintiff's argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date: July 2, 2015                     /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge